UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR REID STEPHENSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, et al.,<br><br>Defendants. | Case No. 25-cv-07732-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

Defendant Jaguar Land Rover North America (JLRNA) removed this case to this Court from Santa Clara County Superior Court on September 11, 2025. ECF 1. This Order requires JLRNA to "show cause" by filing a written response by September 26, 2025, explaining why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).

JLRNA claims that there is diversity of citizenship because Plaintiffs reside in California, Defendant JLRNA's sole member is a citizen of the United Kingdom, and co-

Defendant Jaguar Land Rover San Jose was not served. ECF 1 ¶¶ 20–22. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not residency. "The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). Here, JLRNA failed to allege where Plaintiffs are domiciled, and therefore this Court cannot assess whether complete diversity exists.

The Court finds that JLRNA provided sufficient information to establish that the amount in controversy threshold is satisfied. ECF 1 ¶ 16.

In conclusion, JLRNA has not established that federal subject matter jurisdiction is satisfied because it did not provide sufficient facts and sufficiently allege Plaintiffs' state citizenship. Accordingly, JLRNA must show cause in writing by September 26, 2025, why this case should not be remanded back to state court for lack of subject matter jurisdiction. Plaintiffs may respond by October 3, 2025.

**IT IS SO ORDERED.**

Dated: September 12, 2025

NATHANAEL M. COUSINS
United States Magistrate Judge